Lewis E. JOHNSON, Plaintiff,

v.

SECRETARY OF/AND U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and Federal Housing Authority, Defendants.

Civ. A. No. 77–3746.

United States District Court, E.D. Louisiana.

Aug. 15, 1984.

---

William J. Dutel, Russell J. Nenez, Jr., New Orleans, La., for plaintiff.

Joan Elaine Chauvin, Asst. U.S. Atty., Charleen Berry, New Orleans, La., for defendants.

## MEMORANDUM OPINION AND ORDER

CASSIBRY, Senior District Judge:

■ Plaintiff Lewis E. Johnson moves this court for an award of attorneys' fees and costs in his favor under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1981) ("the Act"). In order to be eligible to recover his attorneys' fees under the Act, Johnson must successfully meet three statutory requirements. First, his net worth must not have been in excess of $1,000,000 at the time this civil action was filed. 28 U.S.C. § 2412(d)(1)(C), (2)(B). Second, he must be a prevailing party. 28 U.S.C. § 2412(d)(1)(A). Finally, the court must find that the Government has not met its burden of showing that its position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *S & H Riggers & Erectors, Inc. v. O.S.H.R.C.*, 672 F.2d 426, 430 (5th Cir.1982).

The Government has not contested Johnson's statement that his net worth is less than a million dollars. Therefore, the court accepts Johnson's affidavit as proof that he is not a millionaire.

The Government, however, does challenge Johnson's claim to be a prevailing party. As the Government correctly points out, three of Johnson's four claims were dismissed in their entirety. 544 F.Supp. 925 (E.D.La.1981). On the fourth claim, this court found that, as Johnson had alleged, the defendant had improperly reduced the insurable mortgage originally authorized for the Laurel Gardens Housing Project by finding an identity of interest between Johnson and one of his subcontractors. 544 F.Supp. at 943. Johnson is entitled to recover the monetary amounts he would have received had HUD made interest-reduction payments over the life of the mortgage loan on $36,400. *Johnson v. Secretary of/and U.S. Dept. of Housing*, 710 F.2d 1130, 1138–39 (5th Cir.1983).

On his four claims, however, Johnson sought total damages in excess of a million dollars. His recovery, of course, represents only a small fraction of that amount. In view of its success in reducing the amount of plaintiff's claim, the Government contends that it, not Johnson, should be considered the prevailing party in this litigation.

■ Complete success on the merits is not necessary, however, in order for Johnson to be a "prevailing party". *See Goldhaber v. Foley*, 698 F.2d 193, 197 (3d Cir. 1983). Although the Act does not define "prevailing party", Congress apparently meant the term to embrace litigants who had achieved success on at least one of the central issues of the case. *See U.S. v. 329.73 Acres, Grenada and Yalobusha Ctys.*, 704 F.2d 800, 809 (5th Cir.1983). This Johnson has done by litigating to a successful conclusion his claim that HUD improperly calculated his mortgage interest reduction payments. Moreover, the award of attorneys' fees attributable to the litigation of this one claim comports with one of the purposes of the Act, namely removing the prohibitive cost of litigation from the calculus of redress for individuals wronged by government action. *See* H.R. Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4991.

■ Having found that Johnson is a prevailing party but no millionaire, we turn to the third requirement of the Act. A party prevailing against the federal government is entitled to attorneys' fees unless the government's position was substantially justified or special circumstances would make an award unjust.[1] *Houston Agricultural Credit Corp. v. U.S.*, 736 F.2d 233 at

---

**1.** The Government has not advanced any argument regarding special circumstances which would make an award unjust nor does the court find such circumstances to exist in this case.

234 (5th Cir.1984), *citing Knights of the K.K.K. v. East Baton Rouge,* 679 F.2d 64, 68 (5th Cir.1982). The test for substantial justification is one of reasonableness. *Houston Agricultural,* at 234 (citations omitted). If the Government can show that its position had a reasonable basis both in law and fact, no award will be made. *Knights of the KKK,* 679 F.2d at 68. This standard represents a middle ground between an automatic award of fees and a restrictive position which would require the prevailing party to show that Government action was "arbitrary, frivolous, and groundless." *Id., citing* 1980 U.S.Code Cong. & Ad.News at 4993.

■ Johnson, however, has already met the higher standard. After trial, this court concluded that the Secretary's determination of an identity of interest between Johnson and his subcontractor Ward was "arbitrary, capricious and erroneous because the facts, which clearly indicate that Johnson released Ward from any liability ... even before the initial closing of the project, provide no basis upon which to predicate [the Secretary's] finding." 544 F.Supp. at 943. The Court of Appeals affirmed our conclusion that the Secretary's action was arbitrary and capricious. *Johnson,* 710 F.2d at 1137.[2] Implicit in this determination is a finding that the defendant's actions were unreasonable. For the purposes of this motion, we reiterate here our finding that the defendant's conduct fails the test of reasonableness.

Although there is no controversy over the meaning of substantial justification there is disagreement among the circuits over the meaning of "position." *Houston Agricultural,* at 235–36. The term can be taken to apply either to the government's litigation position or to its overall position,

including the underlying agency position. *Id.,* at 236. The issue, however, has not been addressed by this circuit. *Knights of KKK,* 679 F.2d at 68. Since, in this case, the government's litigation position was identical to HUD's position at the agency level, it is unnecessary for us to venture an interpretation of the meaning of the term. *Houston Agricultural,* at 236.

■ It would, of course, be anomalous to charge the entire expense of litigation to the Government in this case. *Goldhaber,* 698 F.2d at 197. For the most part, the United States successfully defended against Johnson's suit and it is only responsible for that portion of Johnson's attorneys' fees attributable to litigation of its unjustified position. *Id.* In short, Johnson is entitled to attorneys' fees allocable to the claim upon which he prevailed. *Matthews v. United States,* 713 F.2d 677, 684 (11th Cir.1983).

Accordingly, IT IS ORDERED that plaintiff's motion for attorneys' fees is GRANTED with the proviso that the award be limited to the fees allocable to the claim upon which Johnson prevailed.

IT IS FURTHER ORDERED that the matter is REFERRED to the Magistrate for determination of the fee award in accordance with this order.

---

**2.** We note the difficulty of reconciling the prevailing party and substantial justification requirements of the Act. In order for a plaintiff to prevail against an agency of the federal government, he will, in most instances, have to convince a court that the agency's action was arbitrary and capricious. Once a plaintiff has carried this burden, it is hardly likely that the government will be able to convince a court that it had substantial justification for its action. *See Natural Resources Defence Council v. U.S.E. P.A.,* 703 F.2d 700, 719 (3d Cir.1983) (Hunter, J., concurring and dissenting). Thus, the test of reasonableness appears to come very close to a *per se* rule of interpretation which would result in an almost automatic award of fees in cases of arbitrary and capricious governmental action.